**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 11 |
| MEnD Correctional Care, PLLC, | BKY 22-60407 |
| Debtor. | |

**UNITED STATES TRUSTEE'S APPOINTMENT AND APPLICATION**
**FOR ORDER APPROVING APPOINTMENT OF SUSAN N. GOODMAN**
**AS PATIENT CARE OMBUDSMAN**

1. On December 21, 2022, pursuant to 11 U.S.C. § 333(a)(1), the court directed the Acting United States Trustee ("UST") to appoint a Patient Care Ombudsman ("PCO") in this Chapter 11 case.

2. The UST submits this application for the court's approval of her selection of a PCO for appointment in this case subject to the proposed Order's terms and conditions.

3. Pursuant to Fed. R. Bankr. P. 2007.2(c) the UST has selected, Susan N. Goodman as the patient care ombudsman for the patients/inmates serviced by the Debtor. Ms. Goodman's contact information is as follows:

> Susan N. Goodman, RN JD
> PIVOT HEALTH LAW, LLC
> P.O. Box 69734 | Oro Valley, AZ 85737
> Msg: (520) 744-7061
> sgoodman@pivothealthaz.com

4. To the best of her knowledge, Ms. Goodman has no connections with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the UST, and persons employed in the Office of the UST, except as set forth in her verified statement ("Verified Statement") filed concurrently herewith. Ms. Goodman's qualifications are attached to her Verified Statement as its Exhibit "A."

5. In accordance with 11 U.S.C. § 333(b), the Patient Care Ombudsman shall:

   a. Monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including, without limitation, interviewing jail staff, clinicians, patients/inmates, and others with relevant information.

   b. Not later than 60 days after the date of this appointment, and not less frequently than at 60-day intervals thereafter, report to the Court after notice to the administrative parties in interest, at a hearing or in writing, regarding the quality of patient/inmate care provided to Debtor's customers; and

   c. If such PCO determines that the quality of care provided to patients/inmates of the Debtor's customers is declining significantly or is otherwise being materially compromised by the bankruptcy process, file with the court a motion or a written report, with notice to the administrative parties in interest immediately upon making such determination.

   d. Without special notice to patients/inmates and consistent with 45 C.F.R. §164.512(d) health oversight activities, have access to protected health information without further authorization, as necessary and appropriate to discharge her duties and responsibilities under this Order, provided, however, that she protect the confidentiality of such information as required under non-bankruptcy law and regulations, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (Pub. L. 104-191), and any amendments or implementing regulations ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act, which was enacted as title XIII of division A and title IV of division B of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111-5), and any amendments or implementing regulations ("HITECH"), including the Final Omnibus Privacy Regulations in 45 C.F.R. §§ 160 and 164 ("Final HIPAA Rules"); 42 C.F.R. Part 2; and state law.

  e. Because of the special nature of this appointment whereby Debtor services ever-changing incarcerated patient populations, the PCO will not be ordered to provide patient/inmate notice regarding the anticipated filing of PCO reports as contemplated under Fed. R. Bankr. P. 2015.1(a). Alternatively, PCO will seek to notify the county sheriff offices and health services teams associated with each location serviced by the Debtor.

  f. The court recognizes that PCO's ability to engage as a court-appointed patient fiduciary is wholly dependent on access cooperation from the Debtor's customer county law enforcement and medical services teams (collectively "Jail Personnel"). For the avoidance of doubt, PCO's appointment order will make clear to Jail Personnel that PCO is expected to be afforded the necessary access, subject to provision of her identification and, if required, immunization status in advance of location site visits.

 6. The PCO shall apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. § 330, the Bankruptcy Rules, and pursuant to any orders of this Court establishing interim compensation and reimbursement of expenses for Chapter 11 professionals. Fee applications shall be allowed no more frequently than once every thirty (30) days.

 7. The Acting U.S. Trustee and the PCO agree that the appointment is contingent on the court entering an order directing the payment of a retainer of $25,000.00 to the PCO, subject to fee applications, as described above. The PCO shall hold the retainer in trust for assurance of reimbursement of travel expenses incurred in the execution of her duties. The PCO agrees to promptly return any overpayment of such monies to the Debtor after the lodging/payment of PCO's final compensation order.

 8. On motion of the UST, a party in interest or *sua sponte* by the Court, the PCO's appointment may be terminated if the Court finds that the appointment is not necessary for the protection of patients.

9. The PCO shall comply with the terms of the Order entered by the court. Based upon the foregoing, the UST respectfully requests the Court to immediately enter the attached form of order that has been uploaded concurrently herewith to the court for signature.

*Respectfully submitted* this 29th day of December 2022.

**Mary E. Jensen**
Acting United States Trustee
Region 12

By:  */s/ Michael Fadlovich*
**Michael Fadlovich**
ID # 158410
Office of the United States Trustee, Reg 12
300 S. Fourth Street, Ste 105
Minneapolis, MN 55415
(612)334-1350
michael.fadlovich@usdoj.gov

# EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| MEnD Correctional Care, PLLC, | BKY 22-60407 |
| Debtor. | |

### VERIFIED STATEMENT AND AFFIDAVIT OF DISINTEREST
### SUSAN N. GOODMAN

STATE OF ARIZONA   )
                   ) ss.
COUNTY OF PIMA     )

I, Susan N. Goodman, under penalty of perjury, declare as follows:

1. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto under oath in accordance with this Verified Statement.

2. I am a duly licensed attorney and RN in the State of Arizona. My office is located at Pivot Health Law, LLC, P.O. Box 69734, Oro Valley, AZ 85737. My message telephone number is (520) 744-7061. My law practice focuses on health care compliance provider support including regular engagement service as a court appointed ombudsman.

3. I am licensed in the State of Texas and admitted to practice in the Northern and Western Federal Districts.

4. I am a person eligible and competent to perform the duties as patient care ombudsman ("PCO") in the above-captioned case pursuant to 11 U.S.C. § 333. My qualifications to perform the required functions of a PCO in this case are evidenced by my Curriculum Vitae, attached hereto as Exhibit A, including a listing of the cases where I have been appointed and served as a Patient Care Ombudsman under 11 U.S.C. § 333.

5. My regular billing rate is $395.00 per hour and paraprofessional rates, if utilized, are

$145.00 - $195.00 per hour. I will apply for payment of compensation and reimbursement of expenses from this Court pursuant to applicable provisions of the United States Bankruptcy Code, including but not limited to 11 U.S.C. § 330, the Bankruptcy Rules, the Local Rules, and pursuant to any orders of this Court establishing interim compensation and reimbursement of expenses for administrative professionals.

6. To the best of my knowledge, I am a disinterested person as defined in 11 U.S.C. § 101(14), and I do not hold, nor do I represent any material interest adverse to this bankruptcy estate.

7. I have no connection, nor any individual members of my firm, with the debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee beyond the interactions associated with serving in the ombudsman role in the cases listed in my Curriculum Vitae. While I generally serve as a sole professional in the Ombudsman role, I have sought the assistance of counsel in two cases:

a. In the Eastern District of Washington, Yakima, I served as the PCO for a hospital system under case number 19-01189. The system included three hospitals, an ambulatory surgery center ("ASC"), rural health centers ("RHCs"), and numerous hospital outpatient departments ("HOPDs"), with those duties now completed. Approximately one year into this appointment, I sought court approval and obtained the assistance of counsel. I was assisted by Crowe & Dunlevy, Dallas, Texas and Sussman Shank LLP, Portland, Oregon.

b. In the Southern District of Texas, Houston, I serve as the PCO for a series of hospitals under case number 22-90291. I am assisted by Crowe & Dunlevy as ombudsman counsel.

8. While all my cases are listed on my Curriculum Vitae, my open cases include:

a. In the District of Arizona, Phoenix, I served as the ombudsman in a Subchapter V hospice case under case number 21-08392, until it converted to Chapter 7 proceeding, with those

duties completed and the file remaining open for possible payment.

b. In the Southern District of Iowa, Des Moines, I served as the ombudsman for a series of nursing homes and assisted living facilities under jointly administered case number 21-01643, with those duties now completed. My final fee application is pending.

c. In the Eastern District of Texas, Tyler, I serve as the ombudsman for a nursing home (Subchapter V) under case number 22-60024. Debtor operations have been transferred with plan confirmation and final fee application remaining outstanding.

d. In the District of Oregon, Portland, I serve as the ombudsman for two asthma/allergy medical clinics (Subchapter V) under case number 22-30228. Plan confirmation is pending.

e. In the District of Arizona, Phoenix, I serve as the ombudsman for a hospice, hospitalist/skilled nursing facility physician provider group, and telehealth Debtors jointly administered under case number 22-02385.

f. In the Northern District of Texas, Dallas, I serve as the ombudsman for a CCRC under case number 22-30659.

g. In the District of Arizona, Tucson, I served as the ombudsman for the physician practice (Subchapter V) Debtor under jointly administered case number 22-03615, with duties now completed yet monthly payment for services ongoing.

h. In the District of Arizona, Phoenix, I serve as the ombudsman for a physician practice (Subchapter V) Debtor under jointly administered case number 22-05043, with duties now completed awaiting case dismissal.

9. Because of my appointment in these cases, I have worked with attorneys in the Office of the United States Trustee; the Office of the Attorney General; state and/or federal agency representatives such as state long term care ombudsman, state licensure, state Medicaid office, and/or federal healthcare regulatory team members (when necessary); and its client representatives. As noted

previously herein, I sought approval for the assistance of counsel in two cases, one that is ongoing.

10. I have not received any compensation from any party with respect to my appointment in this case.

11. I have not made any agreements or arrangements with the Debtors or any other party to share compensation.

12. The source of compensation will be from the Debtors operation of its business.

13. No agreement prohibited by U.S.C. Title 18 § 115 has been made.

14. I declare under penalty of perjury that the foregoing is true and correct.

*Susan N. Goodman*
Susan N. Goodman
Arizona State Bar No. 019483
Texas State Bar No. 24117585
P.O. Box 69734
Oro Valley, Arizona 85737
Phone: (520) 744-7061
sgoodman@pivothealthaz.com
*Proposed Patient Care Ombudsman*

SUBSCRIBED AND SWORN BEFORE ME this 21st day of December 2022 by Susan N. Goodman.

Notary Public

My Commission Expires:



STEPHANIE L. MUSTAIN
Notary Public, State of Arizona
Pima County
Commission # 566700
My Commission Expires
July 14, 2023

# Exhibit A

## Susan Nielsen Goodman



### Professional Summary

---

Healthcare attorney dedicated to patient-centered, collaborative, operational compliance.

### Skills

---

- Regulatory Compliance  • Auditing  • Contracts  • Staff Education  • Process Improvement
- Process and Forms Development  • Bankruptcy Patient Care Ombudsman  • Medical Staff/Governance

### Work History

---

Pivot Health Law – Oro Valley, AZ                                             July 2019 – Present
**Attorney**

- Regulatory compliance healthcare practice; including but not limited to, HIPAA/HITECH, Stark, AKS/FCA, PPACA, practice management, medical staff, governance, contracts, and patient care/privacy ombudsman in bankruptcy reorganization.

- Ombudsman appointments include:

  - Corridor Medical Services, Inc.; WD TX (Austin); 18-11569
  - Mayflower Communities, Inc.; ND TX (Dallas); 19-30283
  - The LaSalle Group, Inc.; ND TX (Dallas); 19-31484
  - CAH Acquisition Company #5, LLC; D KS (Wichita); 19-10359
  - Astria Health, *et al.*; ED WA (Yakima); 19-01189
  - Memory Care America, LLC; WD TX (San Antonio); 19-51385
  - MMMT Corporation, D NV (Las Vegas); 19-16113
  - Stone Oak Memory Care, WD TX (San Antonio); 19-52375
  - Walker County Hospital Corp, SD TX (Houston); 19-36300
  - Williamson Memorial Hospital, SD WV (Charleston); 19-20469
  - The Medical Diagnostic Imaging Group, Ltd., *et al.*; D AZ (Phoenix); 19-15722 (PCO & CPO)
  - Destiny Springs Healthcare, LLC; D AZ (Phoenix); 19-15702
  - Jonathan R. Sorelle, M.D., PLLC, *et al.*; D NV (Las Vegas); 19-17870
  - Jack County Hospital District Chapter 9; ND TX (Ft. Worth); 20-40858
  - Jack County Hospital District Chapter 9; ND TX (Ft. Worth); 20-42012
  - Site visit assistance, western locations, American Addiction Centers, Inc.; D DE 20-11648
  - CMC II, LLC; D DE (Wilmington); 21-10461
  - Roman's House, LLC; N.D. TX 19-45023 (2nd ombudsman in case)
  - Buckingham Senior Living Community, Inc.; SD TX (Houston); 21-32155
  - Top Notch Healthcare Assistance, LLC; SD TX (Houston); Sub V; 21-33376
  - Valley Hospice of Arizona, LLC; D AZ (Phoenix); Sub V; 21-08392
  - Edward Eades, MD PC; D AZ (Tucson); Sub V; 21-08572
  - QHC Facilities, LLC; SD IA (Des Moines); 21-01643 (jointly administered)
  - The Linderian Company, Ltd.; ED TX (Tyler); Sub V; 22-60024
  - AAIM Care, LLC; D OR; Sub V; 22-30228
  - SPG Hospice, LLC; D AZ (Phoenix); 22-02385 (jointly administered)
  - Northwest Senior Housing Corp; ND TX (Dallas); 22-30659
  - Punyakam PLLC; D AZ (Phoenix); Sub V; 22-03615 (jointly administered)
  - Desert Institute for Spine Disorders PC; D AZ (Phoenix); Sub V; 22-05043 (jointly administered)

- Ombudsman appointments - continued
    - Pipeline Health System, LLC; SD TX (Houston) 22-90291 (jointly administered)

- Consultative appointments include:
    - Trusted Care East Valley Arizona, LLC; Chapter 7; D AZ (Phoenix); 2-01878 (record issues)

## Mesch Clark Rothschild – Tucson, AZ                                   July 2013 – July 2019
### ATTORNEY

- Established firm's regulatory compliance healthcare practice; including but not limited to, HIPAA/HITECH, Stark, AKS/FCA, PPACA, practice management, medical staff, contracts, and patient care/privacy ombudsman in bankruptcy reorganization.

- Ombudsman appointments included:
    - Surgical Specialty Hospital of Arizona; D AZ (Phoenix); 13-20029
    - Sears Methodist Retirement System; ND TX (Dallas); 14-32821
    - Hutcheson Medical Center; ND GA (Rome); 14-42863
    - University General Health System; SD TX (Houston); 15-31086
    - Santa Fe Medical Group; D NM (Albuquerque); 15-11247
    - Saint Michael's Medical Center; D NJ; 15-24999
    - Forest Park Medical Center, Frisco; ED TX (Tyler); 15-41684
    - Spring Central Hospital; SD TX (Houston); 15-35370
    - UGHS Sr. Living; SD TX (Galveston); 15-80399
    - Border Medical Specialists Chapter 11; WD TX (El Paso); 16-30078
    - Forest Park Medical Center, Ft. Worth; ND TX (Ft. Worth); 16-40198
    - Forest Park Medical Center, Southlake; ND TX (Ft. Worth); 16-40273
    - Border Medical Specialists Chapter 7; WD TX (El Paso); 16-31056
    - Central Iowa Healthcare; SD IA (Des Moines); 16-02438
    - Louisiana Medical Center Heart Hospital; ED LA (New Orleans); 17-10353
    - North Texas Medical Center/ Gainesville Hospital District Chapter 9; ED TX (Sherman); 17-40101
    - Humble Surgical Hospital; SD TX (Houston); 17-31078
    - Green Valley Hospital; D AZ (Tucson); 17-03351
    - Solid Landings Behavioral Health, Inc; CD CA (Santa Ana); 17-12213
    - Acadiana Management Group, LLC, *et al.*; WD LA (Lafayette); 17-50799
    - Kennewick Public Hospital District Chapter 9; WD WA (Spokane); 17-02025
    - Eden Home, Inc.; WD TX (San Antonio); 18-50608
    - Scottsdale Detox Center of Arizona, LLC; D AZ (Phoenix); 17-11494
    - Neighbors Legacy Holdings, Inc.; SD TX (Houston); 18-33836
    - Little River Healthcare Holdings LLC, *et al.*; WD TX (Waco); 18-60526
    - Corridor Medical Services, Inc.; WD TX (Austin); 18-11569
    - Mayflower Communities, Inc.; ND TX (Dallas); 19-30283
    - The LaSalle Group, Inc.; ND TX (Dallas); 19-31484
    - CAH Acquisition Company #5, LLC; D KS (Wichita); 19-10359
    - Astria Health, *et al.*; ED WA (Yakima); 19-01189

## Ascension Health/Carondelet St. Mary's Hospital – Tucson, AZ          January 2008 - June 2013
### CRITICAL PRODUCTS MANAGER, THE RESOURCE GROUP

- Provided liaison support between consultant groups, service line leadership, physicians, and supply chain staff as part of readiness effort to move to PeopleSoft based national ordering system.
- Led national contract effort for supplies deemed critical by local clinician partners.

### SENIOR ANALYST, RESOURCE & SUPPLY MANAGEMENT GROUP

- Supported Chief Resource Officer in policy development, presentation preparation, and business strategy development (spine cost-per-case, heart valves, quarterly updates).
- Developed a price over-ride process that maximized contract price compliance.
- Analyzed complex new device requests including presentations to senior leadership & clinician customers to gain buy-off on recommended direction (Aquamantys, Concentric Merci).
- Collaborated with service line leadership and consulting teams in data refinement and proofing for projects related to strategic business analysis.
- Collaborated with IT/IS to improve MediTech MM utilization, including three custom RSMG reports, scripting of item master additions/changes.

### REVENUE LIAISON AUDITOR

- Provided critical liaison support between PFS, nurse auditing, contract management, and the service line with an emphasis on process/revenue improvement for the cardiac, neurological, and hospice service lines.
- Analyzed new procedure requests with recommendations to senior leadership.
- Continued with emergency center billing training and auditing support.
- Collaborated with supply chain on cost-per-case analysis and procedural profitability.

### CLINICAL DOCUMENTATION SPECIALIST

- Re-designed emergency center documentation using a bedside approach to ensure compliance, simplification, and communication of care across the care continuum.
- Collaborated with lab to improve the point-of-care lab process and led the team to reduce the order error rate from over 60% to less than 5%.
- Created and implemented a billing process that was later launched across the network as a best practice.
- Participated in the corporate responsibility committee as the unit-based representative.
- Collaborated with care management, admitting, and outside consultants on process improvements.

Boston Scientific Corporation – Maple Grove, MN    January 2007 – December 2007
### CORONARY SALES REPRESENTATIVE

- Supported interventional, specialty, and diagnostic cath lab product lines with an emphasis on staff education, customer support, and service.
- Negotiated, closed, launched intra-vascular ultrasound at large, competitive hospital.
- Obtained contract compliance to market share agreement with largest customer

St. Jude Medical – Minnetonka, MN    May 2006 – January 2007
### SALES REPRESENTATIVE

- Supported specialty product, closure device, and diagnostic product lines; ensured staff and physician certification supported patient outcomes; and grew sales to achieve top-10 national ranking by 2007.
- Provided nursing unit training to ensure competency with the closure system across the patient care continuum.

Guidant Corporation – Santa Clara, CA    April 2001 – May 2006
### SENIOR, PRINCIPAL, AND TARGETED CLINICAL SALES SPECIALIST

- Specialized in simplifying technical concepts and training fellows and staff.
- Selected regional specialist for new concept product launches, i.e. brachytherapy.
- Obtained three promotions and two national awards providing interventional cardiology line support for Arizona and Southern New Mexico.

Chandler, Tullar, Udall & Redhair LLP – Tucson, AZ    May 2000 – April 2001
### ASSOCIATE ATTORNEY

- Assisted in civil litigation insurance defense work including medical malpractice and personal injury.
- Recruited and prepared expert witnesses, including interaction with claims managers.

Court of Appeals, Division Two – Tucson, AZ     February 1999 – May 2000
**LAW CLERK**
- Drafted opinion and decision memoranda for Hon. J. Pelander and Hon. J. Howard.
- Proofed staff attorney decisions with administrative staff.

Hospice Family Care – Tucson, AZ     May 1994 – July 1995
**DIRECTOR OF ADMISSIONS**
- Managed admissions team of 8 – 10 staff.
- Negotiated payment for non-contracted hospice benefits with state indigent insurers.

Advanced Cardiovascular Systems, Inc. – Santa Clara, CA     July 1988 – May 1994
**PERSONNEL REPRESENTATIVE, HUMAN RESOURCES DEPT.**
- Selected as internal team-member for comprehensive field sales restructuring/redeployment project to work with external consulting firm.
- Provided field sales and engineering department human resource support, recruitment, and training.

**ASSOCIATE PRODUCT MANAGER, MARKETING DEPT.**
- Supported product management for balloon dilatation segment comprising 50% of corporate sales revenues.

**CLINICAL SPECIALIST, FIELD SALES DEPT.**
- Selected Clinical specialist of the year first year in the position.
- Provided field sales support for angioplasty product line.

Other Employment – Legal and Clinical – Michigan and Arizona
- Legal Project Work, various firms     1997 – 1998
- Clinical Nursing Positions—critical care unit (CCU) and cardiac cath lab     1985 – 1988

## EDUCATION

University of Arizona James E. Rogers College of Law – Tucson, AZ     1998
**JURIS DOCTOR**
- GPA 3.7/4.0 (11/149); Order of the Coif; Summa Cum Laude
- Arizona Law Review, Executive Note Editor: 1997 – 1998

University of Phoenix – San Jose, CA     1992
**BACHELOR OF SCIENCE, BUSINESS ADMINISTRATION**

Bronson Hospital School of Nursing – Kalamazoo, MI     1985
**RN DIPLOMA**
- First Honors and Nursing Excellence Award

## LICENSES / MEMBERSHIPS

- Arizona State Bar #019483 ▪ Arizona RN #059995 ▪ Texas State Bar #24117585

▪American Health Law Association – member and volunteer