# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **MEnD Correctional Care, PLLC** | ) | Case No. 22-60407 |
| | ) | |
| Debtor. | ) | **AMENDED ORDER APPROVING APPOINTMENT OF SUSAN N. GOODMAN AS PATIENT CARE OMBUDSMAN** |

On December 21, 2022, the Court entered an Order directing the Acting United States Trustee for the District of Minnesota (U.S. Trustee") to appoint a Patient Care Ombudsman ("PCO") pursuant to 11 U.S.C. §333 and Fed. R. Bankr. P. 2007.2(a).

Pursuant to Fed. R. Bankr. P. 2007.2(c) the U.S. Trustee has selected, Susan N. Goodman as the patient care ombudsman for Debtor's patients. Ms. Goodman's contact information is as follows:

> Susan N. Goodman, RN JD
> Pivot Health Law, LLC
> P.O. Box 69734
> Oro Valley, Arizona 85737
> Ph: 520.744.7061
> E-mail: sgoodman@pivothealthaz.com

To the best of her knowledge, Ms. Goodman has no connections with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, or persons employed in the Office of the U.S. Trustee, except as set forth in her verified statement ("**Verified Statement**") filed concurrently with the PCO Application. Ms. Goodman's qualifications are attached to her Verified Statement as its Exhibit "**A**."

Based upon the foregoing and with good cause otherwise appearing;

**IT IS HEREBY ORDERED** that the appointment of Ms. Goodman as the patient care ombudsman is approved subject to the following:

1. The Patient Care Ombudsman ("PCO") shall:

 (a) Monitor the quality of patient care provided to patients of the Debtors, to the extent necessary under the circumstances, including without limitation, interviewing jail staff, clinicians, patients/inmates, and staff and employees of the Debtor others with relevant information, as appropriate;

 (b) Not later than 60 days after the date of this appointment, and not less frequently than at 60 day intervals thereafter, report to the Court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient/inmate care provided to patients of the Debtors; and

 (c) If such ombudsman determines that the quality of patient care provided to patients of the Debtor is declining significantly or is otherwise being materially compromised, file with the Court a motion or a written report, with notice to the parties in interest immediately upon making such determination;

 (d) Without special notice to patients/inmates, have access to and may review confidential patient records as necessary and appropriate to discharge her duties and responsibilities under this Order, provided however, that she protect the confidentiality of such records as required under federal and state non-bankruptcy law and regulations, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (Pub. L. 104-191), and any amendments or implementing regulations ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act, which was enacted as title XIII of division A and title IV of division B of the American Recovery and Reinvestment Act of 2009 (Pub. L.111-5), and any amendments or implementing regulations ("HITECH"), including the Final Omnibus Privacy Regulations in 45 CFR Parts 160 and 164; and under 42 CFR Part 2.

 (e) In the interests of judicial economy and to avoid confusing Debtor's inmate/patients, the Ombudsman will not personally serve individual patients pursuant to Fed. R. Bankr. P. 2015.1(a). Alternatively, PCO will work with Debtor to post a notice informing patients of the PCO appointment, duties, and availability. Such notice will include a statement that PCO reports are available at the facility, through direct contact with the PCO, and/or through Debtor's counsel.

2. On motion of the U.S. Trustee, a party in interest or *sua sponte* by the Court, the PCO's appointment may be terminated if the Court finds that the appointment is not necessary for the protection of patients.

3. The debtor is hereby ordered to pay the PCO a $25,000 retainer as follows:

    A). The debtor shall pay Susan Goodman $12,500.00 by wire transfer no later than the close of business on Friday, January 6, 2023.

    B). The debtor shall make a second payment of $12,500.00 by wire transfer to Susan Goodman no later than the close of business on Friday, January 13, 2023.

    C). The PCO shall hold this retainer in a trust account, and it remains property of the bankruptcy estate, until such fees have been approved by the Court. The PCO shall apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 330, the Bankruptcy Rules, the Local Rules and pursuant to any additional procedures that may be established by the Court regarding interim compensation and reimbursement of expenses for Chapter 11 professionals.

4. Any individual or entity who is presented with a copy of this order by the PCO shall cooperate fully with the PCO in her investigation and shall provide full and unrestricted access to any records or individuals that the PCO determines are necessary in the performance of her duties.

Dated: *January 4, 2023*

*/e/ Michael E. Ridgway*
MICHAEL E. RIDGWAY
United States Bankruptcy Judge