**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No.: 22-60407 |
| MEnD Correctional Care, PLLC, | Chapter 11 |
| Debtor. | |

**NOTICE OF HEARING AND MOTION TO SELL ASSETS**

**TO:** All parties in interest and other entities as specified in Local Rule 9013-3:

1. MEnD Correctional Care, PLLC (hereinafter "Debtor") by and through its undersigned attorney hereby moves the Court for relief and gives notice of hearing.

2. The Court will hold a hearing on the Debtor's Motion at **9:30 a.m.** on Wednesday, **February 8, 2023**, before the **Honorable Michael E. Ridgway**, Courtroom 7W, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard. **THE HEARING ON THIS MOTION MAY BE CONTINUED BY THE COURT AT THE HEARING, WITHOUT FURTHER NOTICE TO ANY PARTY.**

3. A response or objection to the Motion shall be filed no later than Friday, **February 3, 2023**, which is five (5) days prior to the hearing date. **UNLESS A RESPONSE OR OBJECTION OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding. The petition commencing this Chapter 11 case was filed on November 30, 2022 ("Petition Date"). The case is now pending in this Court.

5. The present case filed was due to cash flow difficulties experienced by the Debtor. It was not caused by any issues related to the services provided by the Debtor. The

Debtor's extreme cash flow difficulties resulted in the debtor defaulting on payments to several creditors.

6. The Debtor operates a correctional medical care business which provides medical care to the individuals in the correctional facilities in several counties in the following States: Minnesota, Illinois, Iowa, South Dakota and Wisconsin.

7. The Motion arises under 11 U.S.C. §§363 and 365, Fed. R. Bankr. P. 2002, 6004 and 6006 and Local Rules 6004-1 and 9013-1 through 9013-3.

8. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota.

9. The Debtor owns copy righted forms, policies and protocols. In its dealings with county correctional facilities, it permits the non-exclusive use of those copyrighted assets.

10. The Debtor had a contract with the Crow Wing County Jail in Crow Wing County, Minnesota, which has been terminated by the County. The County wishes to acquire the use of the Debtor's Forms, Policies and protocol manual.

11. The Debtor proposes to allow the County non-exclusive use of the assets described herein. Crow Wing County has offered to pay the Debtor the sum of Ten Thousand Dollars ($10,000.00) cash for the non-exclusive use of the assets described in this Motion.

12. The assets proposed to be sold are not subject to any liens or encumbrances.

13. Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary, the Debtor reserves the right to call Todd Leonard, MD CCHP-P, on behalf of the Debtor.

14. By this Motion, the Debtor requests the Court enter an order approving the sale of the Debtor's copy righted forms, policies and protocols.

3.

**WHEREFORE**, the undersigned, on behalf of the Debtor, respectfully requests that the Court enter an order as set forth and attached to this Motion approving the sale of the Debtor's assets described herein.

Respectfully submitted,

Dated:  January 17, 2023.

**STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
2812 Anthony Lane South, Suite 200
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com

3.

## VERIFICATION

I, Todd Leonard, MD CCHP-P, President and Chief Medical Officer of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: January 17, 2023.

_____
Todd Leonard, MD CCHP-P
President & Chief Medical Officer

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No. 22-60407<br>Chapter 11 |
| MEnD Correctional Care, PLLC, | |
| Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SELL ASSETS**

This Memorandum is submitted in support of Debtor's motion to sell assets. The facts supporting the relief requested are set forth in the verified Motion.

### I. THE PROPOSED SALE IS A REASONABLE EXERCISE OF BUSINESS JUDGMENT AND WARRANTS APPROVAL PURSUANT TO 11 U.S.C. §363

The proposed sale is in the best interest of the estate. Such a sale is governed by 11 U.S.C. §363(b)(1), which provides, in relevant part, that "[t]he debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize the sale of property, courts evaluate whether sound business purpose underlies the proposed sale.[1] When a sound business purpose exits, and the sale is made in good faith, a sale pursuant to §363(b)(1) of the Bankruptcy Code should be approved. The burden of establishing a rational business justification rests with the movant.[2] However, once such a showing is made, a presumption will attach that the decision was made on an informed

---

[1] *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999). *See also In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 178 (D. Del. 1991) (affirming decision permitting debtor to sell assets where sound business reasons supported the sale); *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Four B. Com. v. Food Barn Stores, Inc.* (In re Food Barn Stores, Inc.), 107 F.3d 558, 567 n.16 (8th Cir. 1997); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Crystalin LLC*, 293 B.R. 455, 463-64 (8th Cir. B.A.P. 2003); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. DeL. 1991).

[2] *Lionel*, 722 F.2d at 1070-71.

1.

basis, in good faith and in the honest belief that the action was in the best interest of the company.[3]

In the instant case, the Debtor submits that sound business justification exists which merits judicial approval of the proposed sale. To the best of the Debtor's knowledge, the sale price is reasonable and negotiated at arm's length. Therefore, the Debtor requests the Court approve the proposed sale as it is fair and reasonable under the circumstances.

## II.  BUYER IS ENTITLED TO GOOD FAITH STATUS PURSUANT TO §363

Section 363(m) of the Bankruptcy Code protects the sale of a debtor's property to a good faith purchaser. Section 363(m) provides,

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith purchaser," the Third Circuit has noted that the phrase "encompasses one who purchases in 'good faith' and 'for value.'"[4] Further, the recognized type of misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."[5] Accordingly, the Debtor requests the Court deem the Purchaser to be acting in good faith and entitled to all protections afforded therein.

To successfully implement the foregoing, the Debtor seeks a waiver of the ten-day stay under Rule 6004.

---

[3] *See, e.g., Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.* (In re Integrated Resources, Inc.), 147 B.R. 650,656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).
[4] *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d at 147.
[5] *Id.* (citing *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

### III.  CONCLUSION

For the foregoing reasons, the Debtor respectfully requests the Court enter an order granting the relief sought in the motion.

Respectfully submitted,

**STEVEN B. NOSEK, P.A.**

Dated:  January 17, 2023.

/e/ Steven B. Nosek
Steven B. Nosek (79960)
2812 Anthony Lane South, Suite 200
St. Anthony, MN 55418
snosek@noseklawfirm.com
(612) 335-9171
ATTORNEY FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 22-60407 |
| MEnD Correctional Care, PLLC, | Chapter 11 |
| Debtor. | |

### ORDER AUTHORIZING DEBTOR'S MOTION TO SELL ASSETS

The Debtor's Motion to sell assets (Doc. ___) came on for hearing before the court. The Debtor's Attorney, Steven B. Nosek, appeared at the hearing in support of the Motion. Other appearances were noted on the record. Based on the record, including the representations and arguments of counsel made during the hearing, and for the reasons set forth by the court during the hearing, and the court finding that sufficient notice and service of the Motion were provided,

**IT IS ORDERED:**

1. The Debtor's Motion to sell assets of the Debtor outside the ordinary course of business pursuant to 11 U.S.C. §363(b) and (f) is granted as follows.

2. Any objections filed in response to the Motion are overruled to the extent not resolved by this Order.

3. The Debtor is authorized to sell the copyrighted forms, policies and protcols and, permit the non-exclusive use of those copyrighted assets to Crow Wing County in the State of Minnesota, for the sum of $10,000.00 cash.

Dated: _____

Michael E. Ridgway
United States Bankruptcy Judge

1.