**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No.: 22-60407 |
| MEnD Correctional Care, PLLC, | Chapter 11 |
| Debtor. | |

**NOTICE OF EXPEDITED HEARING AND MOTION TO SELL ASSETS/EQUIPMENT BY AUCTION**

**TO:** All parties in interest and other entities as specified in Local Rule 9013-3:

1. MEnD Correctional Care, PLLC ("Debtor") by and through its undersigned attorney hereby moves the Court for expedited relief and gives notice of hearing.

2. The Court will hold an expedited hearing on the Debtor's Motion at **9:30 a.m.** on Wednesday**, February 8, 2023**, before the **Honorable Michael E. Ridgway**, Courtroom 7W, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard. **THE EXPEDITED HEARING ON THIS MOTION MAY BE CONTINUED BY THE COURT AT THE HEARING, WITHOUT FURTHER NOTICE TO ANY PARTY.**

3. A response or objection to the Motion shall be filed no later than **7:30 a.m. on Wednesday, February 8, 2023**, which is two hours prior to the hearing date and time. **UNLESS A RESPONSE OR OBJECTION OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding. The petition commencing this Chapter 11 case was filed on November 30, 2022 ("Petition Date"). The case is now pending in this Court.

1.

5. The present case filed was due to cash flow difficulties experienced by the Debtor. It was not caused by any issues related to the services provided by the Debtor. The Debtor's extreme cash flow difficulties resulted in the debtor defaulting on payments to several creditors.

6. The Debtor operates a correctional medical care business which provides medical care to the individuals in the correctional facilities in several counties in the following States: Minnesota, Illinois, Iowa, South Dakota and Wisconsin.

7. The Motion arises under 11 U.S.C. §§363 and 365, Fed. R. Bankr. P. 2002, 6004 and 6006 and Local Rules 6004-1 and 9013-1 through 9013-3.

8. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota.

9. The Debtor owns the equipment/property ("equipment") listed below:

| Item Description | Qty |
|---|---|
| L-Shaped Desk | 9 |
| Hutch | 9 |
| 2 Drawer Lateral File Cabinets | 9 |
| 4 Drawer Lateral File Cabinet | 1 |
| Office Chairs | 24 |
| Small Desks | 24 |
| Office Chairs | 15 |
| Conference Room Tables | 2 |
| Conference Room Table | 1 |
| Medium Boxes | 20 |
| Desktop Printers | 2 |
| **TOTAL ITEMS:** | **116** |

The Debtor owns the equipment on the list above free and clear and proposes to sell this equipment at auction.

10. The Debtor has simultaneously filed with the Court (Doc. ___) an Application to Employ Black Diamond Auction as Auctioneers for Debtor to hold an Auction, at a date and

time to be determined at a later date after Court approval of this Sale Motion, at 8160 County Road 138, St. Cloud, MN 56301.

11.	The assets proposed to be sold are not subject to any liens or encumbrances.

12.	Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary, the Debtor reserves the right to call Todd Leonard, MD CCHP-P, on behalf of the Debtor.

13.	By this Motion, the Debtor requests the Court enter an order approving the sale of the Debtor's equipment as listed above.

**WHEREFORE**, the undersigned, on behalf of the Debtor, respectfully requests that the Court enter an order as set forth and attached to this Motion approving the sale of the Debtor's equipment by auction.

Respectfully submitted,

Dated:  January 19, 2023.

**STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
2812 Anthony Lane South, Suite 200
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com

3.

## VERIFICATION

I, Todd Leonard, MD CCHP-P, President and Chief Medical Officer of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: January 19, 2023.

_____
Todd Leonard, MD CCHP-P
President & Chief Medical Officer

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>MEnD Correctional Care, PLLC,<br><br>Debtor. | BKY No. 22-60407<br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED MOTION TO SELL ASSETS/EQUIPMENT**

This Memorandum is submitted in support of Debtor's expedited motion to sell assets/equipment by auction sale. The facts supporting the relief requested are set forth in the verified Motion.

### I. THE PROPOSED SALE IS A REASONABLE EXERCISE OF BUSINESS JUDGMENT AND WARRANTS APPROVAL PURSUANT TO 11 U.S.C. §363

The proposed sale is in the best interest of the estate. Such a sale is governed by 11 U.S.C. §363(b)(1), which provides, in relevant part, that "[t]he debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize the sale of property, courts evaluate whether sound business purpose underlies the proposed sale.[1] When a sound business purpose exits, and the sale is made in good faith, a sale pursuant to §363(b)(1) of the Bankruptcy Code should be approved. The burden of establishing a rational business justification rests with the movant.[2] However, once such a showing is made, a presumption will attach that the decision was made on an informed

---

[1] *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999). *See also In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 178 (D. Del. 1991) (affirming decision permitting debtor to sell assets where sound business reasons supported the sale); *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Four B. Com. v. Food Barn Stores, Inc.* (In re Food Barn Stores, Inc.), 107 F.3d 558, 567 n.16 (8th Cir. 1997); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Crystalin LLC*, 293 B.R. 455,463-64 (8th Cir. B.A.P. 2003); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. DeL. 1991).

[2] *Lionel*, 722 F.2d at 1070-71.

basis, in good faith and in the honest belief that the action was in the best interest of the company.[3]

In the instant case, the Debtor submits that sound business justification exists which merits judicial approval of the proposed sale. To the best of the Debtor's knowledge, the sale price is reasonable and negotiated at arm's length. Therefore, the Debtor requests the Court approve the proposed sale as it is fair and reasonable under the circumstances.

## II.     BUYER IS ENTITLED TO GOOD FAITH STATUS PURSUANT TO §363

Section 363(m) of the Bankruptcy Code protects the sale of a debtor's property to a good faith purchaser. Section 363(m) provides,

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith purchaser," the Third Circuit has noted that the phrase "encompasses one who purchases in 'good faith' and 'for value.'"[4] Further, the recognized type of misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."[5] Accordingly, the Debtor requests the Court deem the Purchaser to be acting in good faith and entitled to all protections afforded therein.

To successfully implement the foregoing, the Debtor seeks a waiver of the ten-day stay under Rule 6004.

---

[3] *See, e.g., Official Committee of Subordinated Bondholders v. Integrated Resources, Inc.* (In re Integrated Resources, Inc.), 147 B.R. 650,656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).
[4] *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d at 147.
[5] *Id.* (citing *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

### III.  CONCLUSION

For the foregoing reasons, the Debtor respectfully requests the Court enter an order granting the relief sought in the motion.

Respectfully submitted,

**STEVEN B. NOSEK, P.A.**

Dated:  January 19, 2023.

/e/ Steven B. Nosek
Steven B. Nosek (79960)
2812 Anthony Lane South, Suite 200
St. Anthony, MN 55418
snosek@noseklawfirm.com
(612) 335-9171
ATTORNEY FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 22-60407

MEnD Correctional Care, PLLC,  Chapter 11

Debtor.

**ORDER AUTHORIZING DEBTOR'S EXPEDITED MOTION TO SELL ASSETS/EQUIPMENT BY AUCTION SALE**

The Motion of MEnD Correctional Care, PLLC ("Debtor") for an expedited hearing and for an Order authorizing the Debtor to sell assets/equipment by auction sale (Doc. ___) came on for hearing before the court. The Debtor's Attorney, Steven B. Nosek, appeared at the expedited hearing in support of the Motion. Other appearances were noted on the record. Based on the record, including the representations and arguments of counsel made during the hearing, and for the reasons set forth by the court during the hearing, and the court finding that sufficient notice and service of the Motion were provided,

**IT IS ORDERED:**

1. The Debtor's Motion for expedited relief is GRANTED;

2. The Debtor's Motion to sell assets/equipment by auction sale of the Debtor outside the ordinary course of business pursuant to 11 U.S.C. §363(b) and (f) is granted as follows.

3. Any objections filed in response to the Motion are overruled to the extent not resolved by this Order.

4. The Debtor is authorized to sell the equipment listed below, by auction sale to be conducted by Black Diamond Auction at a date and time to be specified and noticed after this Order has been approved and docketed:

1.

| Item Description | Qty |
|---|---|
| L-Shaped Desk | 9 |
| Hutch | 9 |
| 2 Drawer Lateral File Cabinets | 9 |
| 4 Drawer Lateral File Cabinet | 1 |
| Office Chairs | 24 |
| Small Desks | 24 |
| Office Chairs | 15 |
| Conference Room Tables | 2 |
| Conference Room Table | 1 |
| Medium Boxes | 20 |
| Desktop Printers | 2 |
| **TOTAL ITEMS:** | **116** |

Dated:

_____
Michael E. Ridgway
United States Bankruptcy Judge

2.