UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

                    Chapter 11 case

MEnD Correctional Care, PLLC
                    BKY #22-60407

      Debtor.

---

### ACTING UNITED STATES TRUSTEE'S OBJECTIONS TO EXPEDITED MOTIONS TO SELL ASSETS BY AUCTION AND PRIVATE SALE.

---

1. Mary R. Jensen, Acting United States Trustee, by her undersigned attorney, submits this response and objection to two expedited motions to sell assets filed by the above-named debtor. The proposed asset sales are by auction (ECF #46) and by a direct sale (ECF #45). In furtherance of her position, the Acting U.S. Trustee states as follows

### FACTS

Direct Sale Motion

2. The debtor filed its expedited motion to conduct a direct sale of certain listed assets on January 19, 2023. ECF #45. (Direct Sale). That motion seeks to sell the listed property to Daley Properties, which is located at 1908 Krutchen Court, South, Sartell, Minnesota. That address is the same address as that of the debtor, as shown on debtor's voluntary bankruptcy petition.

3. The Direct Sale motion proposes to sell 212 items listed on Exhibit A to the motion for a total of $12,387.00. Exhibit A has four columns, with 34 line items for each of the 34 different types of assets to be sold. The four columns show values and are labeled "New",

"Now-Each", "Offer Each", and "Total". Although there is no more detailed explanation for each of the columns, the "New" column is presumed to show the original cost. The "Now-Each" column appears to be the current fair market value. The "Offer-Each" appears to be what the prospective buyer offered for each type of item, and the "Total" column appears to be the negotiated sale price. The "Total" column has a total of $12,387.00, which is the proposed purchase price to be paid for the listed assets if the sale is approved.

      4. A review of the columns on debtor's Exhibit A shows that for most of the listed line-items, the proposed buyer offered (in the "Offer-Each" column), the estimated current value of the items, as shown in the "Now-Each" column. However, for certain items, the buyer offered less. Specifically, those items are technology items consisting of a Projector and Screen, a 60" TV, a 70" TV and an 82" TV. For the Projector and Screen, it appears the current value is $3,000.00, the buyer offered $1,500.00, and the debtor wants to accept the $1,500.00. The 60" TV has a $750.00 value, with a $300.00 offer and a proposed sale price of $500.00. The 70" TV has a value of $1,200.00, an offer of $350.00, and a proposed sale price of $800.00. The 82" TV has a $1,500.00 value, a $700.00 offer and a proposed sale price of $1,100.00.

      5. Nothing in the debtor's motion indicates what, if anything, the debtor has done to market these assets to any person or entity other than the proposed buyer.

      6. Nothing in the debtor's motion indicates why there is an exigency to sell the assets necessitating an expedited hearing on the motion. Nothing in the motion indicates why the bankruptcy estate cannot delay selling the assets until after the debtor is out of business and a liquidating trustee is appointed.

      7. At the meeting of creditors conducted under 11 U.S.C. §341(a) by the undersigned on January 5, 2023, the debtor's Director of Operations, Dr. Todd Leonard appeared and testified.

Dr. Leonard testified, *inter alia*, that the debtor's location at 1908 Kutcher Court, in Sartell, MN, is rented by the debtor from Dr. Leonard and that the debtor was one month behind on the rent. Dr. Leonard further testified that the debtor will soon cease operations, but nothing has been discussed regarding the disposition of debtor's business premises.   Hence, there is no apparent need to expeditiously dispose of the chattel property on location.

8.   Nothing in the Direct Sale motion describes Daley Properties, the proposed buyer. There is no information on the individual or individuals who own that entity.   Given that Daley Properties' address is the same as the debtor's, it is unclear if an insider holds an interest in that entity, whether that entity is in negotiations to rent the location from Dr. Leonard after the debtor vacates the premises, or whether there are other relationships or transactions among the parties. i.e. It is not clear this is an arms-length transaction.

## The Auction Sale

9.   Also now before the court is the debtor's separate expedited motion to sell different assets through an auction.   ECF #46. (Auction Sale).   That motion lists 116 different items consisting of two printers and various office furnishings, consisting of chairs, desks, tables and file cabinets.

10.   Simultaneous to filing the Auction Sale motion, the debtor filed an application to employ Black Diamond Auction as auctioneer for the property to be sold.   ECF #48.   That application proposes to pay a 25% commission on items sold for up to $1,000.00, and a 10% commission for items above $1,000.00[1].

---

[1] The U.S. Trustee has not yet filed a recommendation for that employment application.

11. Again, nothing in the Auction Sale motion indicates any exigency requiring the auction to be conducted immediately, and the motion states that such an auction has not yet been scheduled.

## OBJECTIONS

12. The Acting U.S. Trustee objects to both motions. For both motions, no stated exigency exists to immediately conduct the sales. The debtor is admittedly going out of business and will be completely out of business no later than the end of February 2023. The U.S. Trustee has a motion to convert the case to chapter 7 set for hearing simultaneous to the sale hearings. Upon conversion of the case to chapter 7, the duly appointed chapter 7 trustee can oversee the liquidation and assure that a full, fair sale price is received for all assets. Further, nothing indicates that the property to be sold is declining in value or that the proposed Direct Sale buyer (Daley Properties) will walk away from the deal. Accordingly, the court should deny the requests by the debtor to hear the motions on an expedited basis.

13. The court should also deny the motions on the merits. Reading the motions together makes it appear likely that the assets have been cherry picked. It appears that Daley Properties came in and decided what it wanted, what the debtor should leave at the property that Daley would purchase via the Direct Sale motion, with the unwanted property being sent to auction. It has not been shown that such a process is in the best interests of the estate and its creditors.

14. The Direct Sale is also objectionable because some of the items are being sold for what appears to be less than their fair market value. See paragraph #4, above. Those items, consisting of TVs and the Projector and Screen, are technology items which would be easier to sell than the used desks and chairs headed for auction. It is not in the best interests of the

bankruptcy estate to exclude those items from an auction and sell them for less that full fair market value.   In fact, the proposed sale prices listed on Exhibit A for the TVs is less than the stated current value less the 25% or 10% auction commission to be paid if these items were put to auction.   Accordingly, the sale of these items must be denied.

15.   All of the good listed on Exhibit A to the Direct Sale motion need to be independently evaluated to assure that the alleged current values are accurate.    The way to do that is to put everything up for auction.   Anything less cannot be shown as in the best interests of the bankruptcy estate, and the Direct Sale motion must therefore be denied.

16.   The Auction Sale motion states that no time has been established for holding the auction, so it is unclear why all the debtor's property could not be auctioned off.

17.   Finally, it is not clear that between the two sale motions, all the debtor's property will in fact be sold.   Exhibit A to the Direct Sale motion has a line item for "White Rolling Tables".    That line shows that the debtor has 32 such tables, and that Daley Properties would purchase two of them at $150.00 each, leaving 30 unsold. The Auction Sale motion does not list any such tables to be sold.    Similarly, Exhibit A shows 53 "Orange and Blue Rolling Chairs", of which Daley will purchase eight.    It is not clear that the 39 office chairs to be auctioned, as described in the Auction Sale motion, will be all of the debtor's remaining chairs or if there are others left unsold.   Likewise, only 3 of 10 Computer Chairs are to be sold.   Any liquidation approved by the court should encompass a full liquidation of all assets after the debtor ceases business.

18.   Upon denying the motion seeking approval of the auction, the court should also deny approval of the auctioneer's employment.   Without an approved auction sale, the

employment of Black Diamond Auction, as sought by the debtor at ECF #48, should likewise be denied.

## CONCLUSION

19. The sale motions now before the court have not been shown to require an expedited hearing and they have not been shown as in the best interests of the estate. There has been no independent appraisal or analysis of the fair value of assets to be directly sold to Daley Properties. Some of the assets, (TVs) appear to admittedly be sold for less than fair value. The balance of items that Daley does not want to purchase will be left to auction, indicating cherry picking. An independent chapter 7 trustee is better suited to oversee and conduct the proposed sales and assure that full fair value is attained for all assets sold in arms-length transactions. Accordingly, the motions must be denied.

WHEREFORE, the Acting United States Trustee submits that the debtor's Direct Sale motion (ECF #45) and Auction Sale motion (ECF #4) should both be denied. Neither motion warrants an expedited hearing and neither is in the best interests of the bankruptcy estate.

Dated: February 1, 2023

MARY R. JENSEN
Acting United States Trustee
Region 12

By:      s/ Michael R. Fadlovich
MICHAEL R. FADLOVICH
Trial Attorney
MN Attorney I.D. No. 158410
United States Trustee's Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 334-1356

## VERIFICATION

    I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

February 1, 2023                        /s/Michael R. Fadlovich
                                                         MICHAEL R. FADLOVICH
                                                         Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

MEnD Correctional Care, PLLC

Chapter 11 case

BKY #22-60407

Debtor.

O R D E R

The above-entitled chapter 11 cases came before the court on the motions by the debtor seeking approval of the sale of certain property by auction and direct sale.  ECF #45 and ECF #46.  Michael Fadlovich appeared for the U.S. Trustee.  Steven B. Nosek appeared for the debtor.  Other appearances, if any, were as noted in the record.

Based upon the motion, objections filed by the U.S. Trustee, any findings of the court on the record, and all the files, records and proceedings herein, it is hereby ORDERED:

1. The motion for sale of assets to Daley Properties (ECF #45) is denied.

2. The motion for sale of assets via auction (ECF # 46) is denied.

3. The approval of the employment of Black Diamond Auction (ECF #48) is denied.

_____
Michael E. Ridgway
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

In re:

                                          Chapter 11 case

MEnD Correctional Care, PLLC

                                          BKY #22-60407

Debtor.

The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.   That on February 1, 2023, he caused to be served a copy of the attached: United States Trustee's Objections to two Motions to Sell Assets, along with a verification, and proposed order, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Minneapolis, Minnesota.

MEnD Correctional Care, PLLC
1980 Krutchen Court South
Sartell, MN   56377

     Other creditors were served via the court's CM/ECF case management system in accordance with local rules.

                                                                 **By:**   <u>e/Michael R. Fadlovich</u>
                                                                                 Michael R. Fadlovich
                                                                                 Trial Attorney
                                                                                 MN Atty I.D. No. 158410
                                                                                 U.S. Trustee's Office
                                                                                 300 South Fourth St., #1015
                                                                                 Minneapolis, MN   55415
                                                                                 (612) 334-1356